# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) CRIMIAL No. 07-30178-WDS |
| GREGORY HOGAN. | ) ) ) |
| Defendant. | ) ) |

## MEMORANDUM & ORDER

**STIEHL, District Judge:**

Before the Court is defendant's motion to suppress (Doc. 244) to which the government has filed a response (Doc. 253). The Court held an evidentiary hearing on the matter and took it under advisement. The parties have not filed further briefs on this matter.

The defendant seeks suppression on the grounds that the statements he made after his arrest were taken in violation of his *Miranda* rights and, therefore, should be suppressed. The government asserts that the defendant executed a valid waiver of his *Miranda* rights after his arrest and, therefore, his statement is fully admissible.

The government offered the testimony of Special Agent Harold Watson, Drug Enforcement Agency, testified that through an investigation of co-defendant Gary Stevenson, the defendant, Gregory Hogan, was identified as a crack cocaine customer of Stevenson. On February 22, 2008, S/A Watson and two FBI agents and another agent established a surveillance on Hogan's residence. They observed Hogan arrive at his residence with his girlfriend. At that time, S/A Watson approached the defendant, and arrested him at approximately 5 P.M. The defendant was handcuffed and taken back to the St. Louis DEA Field Division Office to be

processed. The defendant was not asked any questions during transport.

Once they got to the Field Division Office, the defendant was processed, which included taking his picture, taking basic information, such as date of birth, and fingerprinting the defendant. After the processing was complete, around 6:15 P.M., the defendant was asked if he would be willing to be interviewed about the charged crack cocaine conspiracy. The defendant was given his *Miranda* rights and agreed to talk with S/A Watson.

The government introduced into evidence the DEA Form 13, which is a *Miranda* waiver form. S/A Watson testified that he gave the defendant the waiver form and described to him what it was for, and asked him to sign it. The defendant read the document and S/A Watson saw the defendant check the block next to "I have read" the form. S/A Watson testified that he did not threaten to detain the defendant or put him in jail or anything of that nature. The defendant did not indicate to S/A Watson that he was having problems understanding the form, did not ask any additional questions about the form, and he signed the waiver. Special Agent Scott Marlow also witnessed the defendant signing the waiver form. The defendant did not ask for an attorney and cooperated by giving a statement.

After he signed the form, the defendant was asked certain questions about his role in the charged crack cocaine conspiracy. He acknowledged participating in the conspiracy over a period of several months. Different agents participated in the questioning of the defendant, each asking him questions. Because the defendant cooperated, and agreed to participate in further investigation of the conspiracy, he was released by the officers.

The defendant argues that he only signed the waiver because he was led to believe that if he signed the waiver he would be released. The Court notes that there is nothing in the record to indicate that the defendant was subject to any threats from the agents.

## ANALYSIS

The defendant asserted in his motion that the defendant was not given his *Miranda* warning until after he was questioned and gave his statement. At the hearing, the defendant asserted that based upon the statement in the report that the defendant was "processed, interviewed, and released after signing a rights" waiver, he was not *Mirandized* until after being interviewed, therefore, his statement should be suppressed. the Court **FINDS**, however, that the testimony of S/A Watson was credible and unrebutted and that the defendant was given his warning and signed the form before being questioned by law enforcement. Therefore, the motion to suppress on that basis is **DENIED.**

The defendant also asserted that promise of release was used as a tactic to coerce his statement, and as evidence of this, pointed out at the hearing that the defendant was, indeed, released after giving a statement and was not charged until after his release. The Seventh Circuit has held that "[a] confession is voluntary if, in the totality of circumstances, it is the 'product of a rational intellect and free will and not the result of physical abuse, psychological intimidation, or deceptive interrogation tactics that have overcome the defendant's free will.'" *United States v. Huerta*, 239 F.3d 865, 871 (7th Cir. 2001) (*quoting United States v. Dillon*, 150 F.3d 754, 757 (7th Cir.1998)); *See also, United States v. Gillaum*, 372 F.3d 848, 856 (7th Cir. 2004). "[C]oercive police activity is a 'necessary predicate to the finding that a confession is not "voluntary" within the meaning of the Due Process Clause of the Fourteenth Amendment.'" *Huerta*, 239 F.3d at 871 (*quoting Colorado v. Connelly*, 479 U.S. 157, 167(1986)). Factors relevant to a determination that police conduct is coercive include "the defendant's age, education, intelligence level, and mental state; the length of the defendant's detention; the nature of the interrogations; the inclusion of advice about constitutional rights; and the use of physical punishment, including

3

deprivation of food or sleep." *Id.*

"In evaluating whether a suspect voluntarily waived his *Miranda* rights, we consider the same factors that we considered above in assessing the overall voluntariness of a confession." *Ruvalcaba v. Chandler,* 416 F.3d 555, 562 (7th Cir. 2005) (citations omitted). Applying this standard, the Court **FINDS** that the defendant voluntarily chose to waive his *Miranda* rights, and cooperate with and give a statement to law enforcement. Here, there is no evidence that the defendant was subject to any kind of coercion, punishment or other tactics which would have rendered his confession involuntary. The fact that the defendant was released, standing alone, does not amount to a coercive tactic. The defendant, as previously determined, was given his *Miranda* warning and signed a waiver before being questioned. The fact that he was not immediately arrested was based, in part, as S/A Watson testified, on the fact that the defendant had agreed to cooperate in the ongoing investigation of Gary Stevenson, his co-defendant. There is nothing untoward, coercive or otherwise impermissible that would warrant suppression.

Accordingly, the Court **DENIES** defendant's motion to suppress on all grounds raised.

**IT IS SO ORDERED.**

**DATED: November 17, 2008.**

                                            **s/ WILLIAM D. STIEHL**
                                                      **DISTRICT JUDGE**