IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) CRIMINAL NO. 07-30178-WDS |
| | ) |
| GREGORY HOGAN and JENNIFER WILKINS, | ) ) |
| | ) |
| **Defendants.** | ) |

## MEMORANDUM & ORDER

**STIEHL, District Judge:**

Before the Court are several pre-trial motions. Upon review of the record, the Court rules as follows:

1.  Defendant Wilkins' motion to dismiss for improper venue and to transfer this trial to another district (Doc. 519). The defendant assets that the language of the Fourth Superseding Indictment does not establish that the defendant's actions, or any alleged acts pertaining to her occurred within the Southern District of Illinois. The defendant further claims that the discovery provided reveals that none of her relevant activities occurred within the State of Illinois.

Pursuant to Fed. R. Crim. P. Rule 18 prosecution is appropriate "in a district in which the offense was committed." (*See also* Article III, Section 2 of the Constitution and Const. amend. VI.) An offense may be begun in one district and completed in another or may be committed in more than one district, and accordingly may be prosecuted in any of such districts. 18 U.S.C. § 3237. *See, United States v. Chappell,* 854 F.2d 190, 192 (7th Cir. 1988). Proper venue is not limited to districts where the defendant was physically present when he committed the unlawful acts that comprise the crimes charged. So long as he did something in furtherance of the conspiracy that was intended to have an effect in the district where the case is finally brought,

venue in that district is proper. *See, e.g., United States v. Lewis,* 676 F.2d 508, 511 (11th Cir. 1982) (phone call from defendant in Florida to Texas sufficient to establish venue in Texas); *United States v. Schmucker-Bula,* 609 F.2d 399, 402 (7th Cir. 1980); *United States v. Spiro,* 385 F.2d 210, 212 (7th Cir. 1967).

Some criminal statutes specify where a crime should be deemed to have occurred, but if the statute does not specify, the general venue statute, 18 U.S.C. § 3237(a), applies. *See United States v. Ringer,* 300 F.3d 788, 791 (7th Cir. 2002). When Congress has not specifically defined where a crime should be determined to have occurred, the *"locus delicti* must be determined from the nature of the crime alleged and the location of the act or acts constituting it." *United State v. Anderson,* 328 U.S. 699, 703 (1946). "To determine venue, we examine the key verbs in the statute defining the criminal offense to find the scope of the relevant conduct." *United States v. Tingle,* 183 F.3d 719, 726 (7th Cir. 1999). If the crime consists of distinct parts which occurred in different places, or involved "a continuously moving act," venue is proper where any part of the crime occurred. *Travis v. United States,* 364 U.S. 631, 636 (1961).

Here, the defendant, along with her co-defendants, is charged in the single count Fourth Superseding Indictment, that from on or about January 2003 until November 2007, the defendant with others, conspired and agreed with each other and with previously indicted co-conspirators, and others both known and unknown to the grand jury, to knowingly and intentionally distribute and possess with intent to distribute, a mixture or substance containing cocaine base, in the form commonly known as "crack," and cocaine hydrochloride, both Schedule II controlled substances, in violation of 21 U.S.C. 21 §§ 843(a)(1), 841(b)(1)(A) and 846. The conspiracy is charged as having occurred in the Southern District of Illinois, the Eastern District of Missouri and elsewhere.

The venue in this District, is, therefore, proper and the motion to dismiss for improper venue is **DENIED** on all grounds raised.

2. Defendant Wilkins' motion for disclosure of impeaching information (Doc. 521). In this motion the defendant seeks a laundry list of items which are traditional discovery items, e.g., inter alia, reports; records of prior convictions; promises made to witnesses; prior inconsistent statements by witnesses; threats made to witnesses, actual or implied; information concerning prior testimony of witnesses; identification of confidential informants; any material discoverable under *Brady v. Maryland*, 373 U.S. 83 (1963) or *Giglio v. United States*, 405 U.S. 150 (1972). The Court has previously entered its Pretrial Discovery and Inspection Order (See doc. 38) which sets forth the discovery to which the defendant is entitled under Fed. R. Crim. P. 16. The government remains well aware of its ongoing obligations under *Brady* and the defendant has not shown that she has been denied access to the government's file, or any particularized need for anything sought in this motion. Therefore, the Court **DENIES** defendant's motion for disclosure of impeaching information.

3. Defendant Wilkins' motion for disclosure of expert testimony (Doc. 522). In this motion, the defendant simply seeks the disclosure, including a written summary, of the expected testimony of any experts which the government intends to use at trial. Upon review of the record, the Court **GRANTS** defendant's motion. The government shall provide to the defendant, by Friday, June 19, 2009, identification and a summary the expected testimony of each expert witnesses it intends to introduce.

4. Government's motions in limine to prohibit the defendants from mentioning or arguing punishment to the jury (Doc. 526, Wilkins; Doc. 527, Hogan). The Court ruled at the final pre-trial conference that the defendants would not be permitted to make such an argument

in trial.  The ruling applies to these defendants, as it has to other defendants, and, accordingly, the motion in limine is **GRANTED** in accordance with the Court's prior ruling.

**IT IS SO ORDERED.**

**DATE: June 15, 2009.**


                                              <u>s/   WILLIAM D. STIEHL</u>
                                                  **DISTRICT JUDGE**