**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) NO. 07-CR-30178-WDS |
| GREGORY HOGAN, and JENNIFER WILKINS, | ) |
| Defendants. | ) |

## MEMORANDUM & ORDER

**STIEHL, District Judge:**

Before the Court are defendant Jennifer Wilkins' motion in limine (Docs. 536; 537; and 538), and defendant Hogan's motion for discovery (540). Upon review of the record, the Court rules as follows:

**1. Defendant Wilkins' First Motion in Limine (Doc. # 536).** In this motion, Wilkins seeks to have the government redact any references in the confession of co-defendant Hogan that the house of co-defendant Gary Stevenson's mother, at 5328 North Kingshighway, St. Louis, MO, was a site where drug transactions occurred. This motion stems from the same arguments raised before this Court which the Court considered and denied when denying defendant's motion to sever (See Order at Doc. 534).[1] The defendant seeks redaction, citing *United States v. Crismon,* 965 F.2d 1465 (7th Cir. 1992). The Court notes that the *Crismon* decision involved redacting names from a non-testifying co-defendant's statement, not redacting information

---

[1] Wilkins sought severance, in part, because her co-defendant, Hogan, gave a statement which the government seeks to introduce against him at trial. In that statement, apparently, Hogan mentions that the co-conspirators used the residence of Gary Stevenson's mother to receive and then re-distribute the cocaine involved in the conspiracy.

concerning the place where the drug transactions and dealing took place. As *Chrismon* recognized, "In *Bruton* [*v. United States*, 391 U.S. 123 (1968)], the co-defendant's confession 'expressly implicat[ed] the defendant as his accomplice. Thus at the time that confession was introduced there was not the slightest doubt that it would prove 'powerfully incriminating.'" 965 F.3d at 1471 (*quoting Bruton*, 391 U.S. at 124 n.1).

Here, similar to the situation in *Crismon*, it does not appear to this Court that Hogan's statement (which includes references to the residence where drug dealing occurred) would qualify as "incriminating on its face" as to defendant Wilkins. It may become so as to her but "only when linked with evidence introduced . . . at trial," 965 F.2d at 1471. Wilkins' presence or even involvement at that same residence, and her involvement in the charged conspiracy, is not detailed in Hogan's statement. It may, however, be established by the government's evidence which links her to this residence, as provided by the testimony of other witnesses. Wilkins does not argue that Hogan's statement *directly* implicates her, but rather that the mention of the residence is prejudicial. Again, this is a matter that is appropriately handled by limiting instructions to the jury. Accordingly, the Court **DENIES** defendant Wilkins' first motion in limine.

**2. Wilkins' Second Motion in Limine (Doc. # 537) and Third Motion in Limine (Doc. #538).** In these motions, Wilkins seeks to prevent the government from introducing evidence, during the testimony of Tony Friends, and others that the defendant used marihuana, cannabis, and other testimony or evidence that the defendant either possessed or distributed cannabis.

Upon review of the record, the Court **DENIES** defendant's motions at this time. The

Court is well aware of the circumstances and the government's theory of this conspiracy in light of the fact that the Court has heard the evidence in individual trials of three severed co-defendants. Evidence of cannabis is admissible in this severed trial as it is intricately intertwined with the actions and functions of the conspiracy to distribute cocaine base as charged in the indictment. Moreover, it may qualify as admissible evidence of prior bad acts under Fed. R. Evid. 404(b).

The Seventh Circuit held in *United States v. James*, 464 F.3d 699, 709 (7th Cir. 2006) that, "[g]enerally, evidence of other bad acts is not admissible to show a defendant's propensity to commit a crime, nor to show that he or she acted in conformity with that propensity on the occasion in question." *Id.* (*citing United States v. Jones*, 389 F.3d 753, 757 (7th Cir. 2004)), *vacated,* 545 U.S. 1125 *reinstated in part,* 144 Fed. Appx. 563, 2005 WL 2456605 (7th Cir. Oct. 6, 2005) (vacating and remanding for resentencing under *Booker*). Evidence is admissible, however, under Rule 404(b) to establish proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. *Jones*, 389 F.3d at 756, Fed. R. Evid. 404(b).

"If the evidence of other crimes or bad acts provides direct or inextricably intertwined evidence (often referred to as intricately related evidence) of the acts charged, it is not subject to the constraints of Rule 404(b)." *James*, 464 F.3d at 709 (*citing United States v. Lane*, 212 F.3d 568, 579 (7th Cir. 2003)). Under *Lane* although intricately related evidence need not satisfy the constraints of Rule 404(b), it must satisfy the balancing test of Rule 403. 323 F.3d at 580.

The Seventh Circuit uses a four-part test for the admissibility of evidence under Rule 404(b): (1) the evidence [must be] directed toward a matter in issue other than the defendant's

3

propensity to commit the crime charged; (2) the evidence [must] show[] that the other act is similar enough and close enough in time to be relevant to the matter in issue; (3) the evidence [must be] sufficient to support a jury finding that the defendant committed the similar act; and (4) the probative value of the evidence [must] not [be] substantially outweighed by the danger of unfair prejudice. *United States v. Best*, 250 F.3d 1084, 1090-91 (7th Cir. 2001). The Court will require the government, through an offer of proof on the morning of trial, to establish how the cannabis evidence meets either the inextricably intertwined test or qualifies under Rule 404(b).

3. **Defendant Hogan's Motion for Discovery (Doc. #540).** In this motion, defendant Hogan seeks to have the Court order an independent review of the background and criminal history of the government's witnesses. The defendant acknowledges that he has received from the government the criminal records of these witnesses as provided by the Probation Office. There is nothing on the record which would warrant the Court, in this case, ordering an independent evaluation of the criminal records of the witnesses and/or co-defendants who may testify in the government's case. Accordingly, the Court **DENIES** defendant Hogan's motion for discovery on all grounds raised.

**IT IS SO ORDERED.**

**DATE:   June 29, 2009.**

 **s/ WILLIAM D. STIEHL**
  **DISTRICT JUDGE**